UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00386-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Order Discussing Renewed Motion to Amend**

Plaintiff Michael Drake's proposed Second Amended Complaint is understood by the Court to be Mr. Drake's renewed motion to amend. As so understood, this motion [dkt. 48] is **granted in part and denied in part.**

**I.  Background**

On December 12, 2014, Mr. Drake filed his pro se Complaint against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), advancing assault, battery, and property damage claims. In his original pro se Complaint, Mr. Drake contends that, on September 19, 2013, while incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, Mr. Ruspka, the Health Services Administrator, assaulted him and threw his Quran against a wall, tearing the Quran. The complaint was screened and the FTCA claims against the United States (the only named defendant) were permitted to proceed.

On April 20, 2016, after counsel was recruited by the Court to represent Mr. Drake, a motion to amend was filed. The proposed Amended Complaint sought to add Mr. Ruspka as a defendant and several new causes of action. The United States objected and Mr. Drake filed a

1

reply. In reply, Mr. Drake acknowledged that some of the claims raised in the proposed amended complaint were futile. In an effort to understand what claims remained for consideration, Mr. Drake was directed to file a proposed Second Amended Complaint which incorporates the modifications described in his reply brief. Dkt. 47. He did so. See dkt. 48. This proposed Second Amended Complaint is understood by the Court to be the plaintiff's renewed motion to amend.[1]

The proposed second amended complaint alleges four causes of action.[2] The first three causes of action are brought against the United States under the Federal Tort Claims Act: 1) assault; 2) battery; 3) negligent hiring, training, supervision and retention of employees. The fourth and final cause of action alleges that Defendant Rupska used excessive force against the plaintiff in violation of his Eighth Amendment rights.

## II. Motion to Amend

*Standard of Review*

Whether the amendments proposed by the plaintiff should be permitted is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). "An amendment is futile if the added claim would not survive a motion for summary judgment." *Id*. at 861. Furthermore, amendments cannot "unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).

---

[1] To the extent anything in this Order could be thought to contradict the rulings in the Entry of June 20, 2016, [dkt. 47] this Order controls and should be treated as a reconsideration of that order.
[2] As a preliminary matter, the claims raised in the second amended complaint survive the screening requirement of 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Whether to grant or deny leave to amend is within the district court's discretion. *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

The United States argues that Mr. Drake should not be permitted to amend his complaint because his new claims are either barred by the statute of limitations or because he failed to exhaust his administrative remedies. Both of these arguments are considered below.

*Statute of Limitations*

The United States argues that adding Mr. Rupska as a defendant in this action would be futile because such claims would be barred by the statute of limitations. In response, Mr. Drake argues that his claims against Mr. Rupska are not time-barred because they relate back to the date of the original complaint.

The statute of limitations in an action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) is determined by the statute of limitations for personal injury actions in the state where the incident occurred. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Because the circumstances of Mr. Drake's allegations occurred in Indiana, his claims are governed by Indiana's two-year statute of limitations for personal injuries. *See id.*; Ind. Code § 34-11-2-4. The statute of limitations begins to run on a *Bivens* claim "when the plaintiff discovers, or by exercise of due diligence would have discovered that he had been injured and who caused the injury." *Moon v. Marberry*, No. 2:14-cv-67-JMS-WGH, 2014 WL 1909356, at *1 (S.D. Ind. May 13, 2014) (*quoting United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000), superseded by statute on other grounds (emphasis omitted)).

Mr. Drake's allegations in this case arise from events that occurred on September 19, 2013. There is no suggestion that Mr. Drake did not know that he had been injured or who purportedly injured him on that day and, thus, the statute of limitations on his *Bivens* claim began to run on September 19, 2013. As such, Mr. Drake had until September 19, 2015, to bring a claim under

3

*Bivens* against Mr. Rupska. *See, e.g., King*, 201 F.3d at 913. Although Mr. Drake filed his Complaint against the United States on December 12, 2014, he did not name Mr. Rupska as a defendant or indicate in any way that he intended to pursue a separate cause of action against Mr. Rupska individually. In fact, Mr. Drake named only the United States and specifically invoked the Court's jurisdiction under the FTCA.

Mr. Drake initially sought to amend the complaint on April 20, 2016, more than sixteen months after he had initially filed suit (dkt. 40), and more than six months after the two-year statute of limitations had expired. Mr. Drake acknowledges that more than two years have elapsed since the events that gave rise to this lawsuit. He argues, however, that his claim against Mr. Rupska are not time-barred because the new claim against Mr. Rupska relates back to the date of the original complaint.

This argument is necessarily evaluated under Federal Rules of Civil Procedure 15(c), which states in relevant part:

**c) Relation Back of Amendments.**

> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> > . . .
> >
> > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> >
> > **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

4

Fed. R. Civ. P. 15

Because Mr. Drake seeks to add a new party, the most applicable subsection is Rule 15(c)(1)(C). The United States argues that Mr. Drake cannot relate back his proposed claim against Mr. Rupska under Rule 15(c)(1)(C) because he is not seeking to change a party or the naming of a party, but, rather, to add an entirely new defendant. Mr. Drake responds by arguing that he alleged the facts necessary to support an Eighth Amendment *Bivens* claim in his original complaint and that he is simply looking to change the party against whom that *Bivens* claim is asserted. Drake asserts that it is enough that he alleged the following in his original complaint:

> 4. As a direct and proximate result of the vicious, unwarranted, unjustified, and unprovoked assault by Rupska upon Plaintiff, Plaintiff did sufer a rupture at a previous surgical area, causing bleeding, and opening of a wound area, constituting injury and serious physical injury, together with great pain and suffering.

Dkt. 1 at p. 2.

This Court finds that Mr. Drake is asking the Court to read his claims too broadly. The original complaint did not provide any indication (even liberally construed) that Mr. Drake intended to assert a constitutional violation in this action and Mr. Drake is not now seeking to add Mr. Rupska as a defendant to his FTCA claims (nor could he). In other words, Mr. Drake is seeking to add a new claim against a new defendant. *Compare Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008) (allowing United States to be added as a party for purposes of FTCA where only individual officers were named as defendants in original complaint).

Under these circumstances, Mr. Rupska did not receive notice of the action and he will be prejudiced in defending on the merits. See Fed. R. Civ. P. 15(c)(1)(C)(i). The claim Mr. Drake

5

seeks to bring against Mr. Rupska is necessarily against Mr. Rupska in his individual capacity and would subject him to personal liability (unless he was indemnified by the United States, which is not guaranteed). "Mistakes in naming parties are far less likely to have drastic consequences in official rather than individual capacity actions." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). This reality is reflected in Rule 15(c)(2),[3] which allows knowledge of the lawsuit to be inferred to United States officers and agencies when the Attorney General has been served. But, when the claim is against an employee in his individual capacity knowledge of the suit cannot be inferred. *Id.* ("Nothing whatever suggests that Baxter and Beckman should have known that they were going to be sued in their individual capacities [pursuant to *Bivens*] prior to the time [the] amended complaint was submitted.").

Allowing Mr. Rupska to be added as a defendant two and a half years after the incident and sixteen months into the litigation would be unduly prejudicial. This is not a case where Mr. Rupska, knew or should have known that the action would have been brought against him, but for a mistake concerning his identity. See Fed. R. Civ. P. 15(c)(1)(C)(ii). There was no mistake in the filing of the original complaint. Drake knew who Rupska was all along, but chose to pursue a claim against the United States under the FTCA rather than against Rupska individually. *See Myles v. United States*, 416 F.3d at 552 (affirming dismissal of suit as untimely and finding that pro se complaint asserting FTCA claims against United States could not be understood to assert *Bivens*

---

[3] Fed. R. Civ. P. 15(c)(2) states:

> **Notice to the United States.** When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

claims against individual defendants who had not been served or named in the caption). This was a reasonable litigation strategy: a fact which is not lessened even though this decision was made while Mr. Drake was proceeding pro se. Accordingly, Mr. Drake's proposed amendment to the complaint cannot relate back under Rule 15, and the statute of limitations bars his claims against Mr. Rupska.

The motion to amend is denied to the extent that it seeks to add Mr. Rupska as a defendant.

*Exhaustion of Administrative Remedies*

In Count Three of the proposed Second Amended Complaint, Mr. Drake attempts to add a claim against the United States for negligent hiring, training, supervision, and retention of its employees pursuant to the FTCA, 28 U.S.C. § 2675(a). The United States argues that this amendment is futile because Mr. Drake failed to exhaust these claims prior to filing this litigation.

The FTCA permits a person to bring suit in federal court against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Pursuant to this provision, federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials. *United States v. Muniz,* 374 U.S. 150, 150 (1963).

"Like any other federal tort claimant, however, an inmate may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014) (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a) (requiring claimant to execute a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident....")). A plaintiff must file any

claim under the FTCA in exact compliance with the statute's terms or the claim must be dismissed. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991). Title 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for ... loss of property ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court. *See McNeil v. United States,* 508 U.S. 106, 112 & n. 7 (1993); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (stating that the exhaustion requirement is a "condition precedent to the plaintiff's ability to prevail.").

The applicable regulations provide that a claim is deemed "presented" when a federal agency receives from a claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for property loss, personal injury, or death alleged to have occurred by reason of the incident. 28 C.F.R. § 14.2(a). All that is required is "sufficient notice to enable the agency to investigate the claim." *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003) (internal quotations omitted). Any cause of action fairly implicit in the facts set forth in the Standard Form 95 will be considered a claim that was "presented" to the BOP for purposes of the exhaustion requirement. *Id.* Put another way, if the claim would have been apparent to a "legally sophisticated reader" of the form, then the Court will charge the agency with notice of that claim and deem it to have been exhausted. *Id.*

Mr. Drake's Standard Form 95 provided the following facts (among others):

[W]ithout provocation or justification, Claimant was approached by a BOP Staff Member, later identified as Health Services Administrator Rupska (Rupska) and ordered to sit on the wooden bench area in the Health Services Department.

Rupska became verbally abusive . . . .

Claimant made an effort to comply with Rupska's order, at which time Rupska physically assaulted Claimant

Rupska seized [Claimant's Holy Quran], and threw [it] to the floor . . . .

Dkt. 1-1 (excerpts selected by plaintiff, dkt. 46 at p.3).

The United States argues that Mr. Drake's Standard Form 95 only includes allegations about the assault and battery by Mr. Rupska. The United States points out that there are no specific allegations concerning the United States' hiring, supervision, training or retention practices. It argues that Mr. Drake was required to set forth relevant and pertinent facts in sufficient detail to alert the BOP to the presence of those claims. Without such detail, it argues, the agency was unable to investigate and evaluate the claims prior to litigation.

In response, Mr. Drake argues that the facts alleged in the Standard Form 95 (if true) demonstrate that Mr. Rupska had dangerous self-control and anger-management issues which should have been identified and addressed with adequate hiring and supervision processes. In addition, these facts reflect that Mr. Rupska was not adequately trained on how to appropriately address potential conflicts with inmates. Based on these obvious conclusions, it is reasonable to assume that Mr. Drake's claim was investigated for potential negligence claims including those he seeks to add.

This Court agrees with Mr. Drake that he has properly exhausted all negligence theories of recovery for the injury alleged. A reasonable investigator had the opportunity to investigate the facts and the causes of any misconduct by Mr. Rupska. This generous reading of Mr. Drake's tort

9

claim is consistent with Seventh Circuit precedent. *Palay,* 349 F.3d at 425 ("Form 95 is entitled to a generous construction."); *Buechel,* 746 F.3d at 760 (reviewing pro se litigant's administrative claim and "giving Buechel the benefit of every reasonable inference that may be drawn from his allegations.").

Accordingly, Mr. Drake's pleading shall be amended to include a claim based on the negligent hiring, training, supervision, and retention of employees.

### III.  Conclusion

In conclusion, the statute of limitations bars Mr. Drake's proposed claim against Mr. Rupska. Accordingly, the motion to amend the complaint to add Court Four is **denied**. The **clerk is directed** to terminate Andrew Rupska as a defendant on the docket.

The motion to amend is **granted** to the extent that the following claims pursuant to the FTCA against the United States shall proceed in this action: 1) assault; 2) battery; 3) negligent hiring, training, supervision and retention of employees.

The United States shall respond to the Second Amended Complaint consistent with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date:  August 1, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel